**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| MISLAV BASIC, NATHAN GRUBER, KEVIN BOUDREAU, DANIEL SCHWAIBOLD, and KEITH ZACHARSKI, on behalf of themselves and all others similarly situated, | |
| *Plaintiffs*, | **Case No: 1:23-cv-00533-RP** |
| v. | |
| BPROTOCOL FOUNDATION, LOCALCOIN, LTD., GALIA BEN-ARTZI, GUY BEN-ARTZI, EYAL HERTZOG, YEHUDA LEVI, and BANCOR DAO, | |
| *Defendants*. | |

**MOVING DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTION TO AMEND THE FINAL JUDGMENT, REOPEN THE**
**CASE, AND ENTER PARTIAL FINAL JUDGMENT**

## PRELIMINARY STATEMENT

Plaintiffs' Rule 59(e) motion misconstrues the record to belatedly raise a new argument that is not only meritless, but has been waived twice over. The Court rightly granted the motion to dismiss the case for "for lack of personal jurisdiction and because Plaintiffs fail to allege that their claims fall within the territorial scope of the federal securities laws." (Dkt. 72.) That decision was well reasoned, and far from the standard of "manifest error" necessary to warrant a Rule 59(e) motion. Plaintiffs offer no factual or legal authority to suggest otherwise.

Instead, Plaintiffs argue for the first time that the motion to dismiss should be denied only as to the claims against Bancor DAO. To excuse their neglect in raising this argument sooner, Plaintiffs misconstrue the record to suggest that dismissal of the claims against Bancor DAO was "*sua sponte*" and argue that they did not have notice or a chance to respond. Nonsense. The motion to dismiss was clear in seeking exactly this relief and the Report & Recommendation was clear in recommending it be granted. Plaintiffs simply chose not to argue the point, twice.

The motion to dismiss explicitly and repeatedly argued that the Court should dismiss the case in its entirety, and expressly moved for that relief. In opposition, Plaintiffs never argued that the claims against Bancor DAO should be treated differently; quite the opposite, they repeatedly conflated Bancor DAO with the other Defendants to argue that the entire motion should be denied.

The R&R recognized Plaintiffs' attempts to conflate all Defendants including Bancor DAO, found the sum total of those allegations insufficient as to all Defendants, and recommended that the "case be dismissed" for two independent reasons. (R&R, Dkt. 68 at 20.) Plaintiffs then filed Objections to the R&R, raising other arguments but neglecting for a second time to raise any argument that the claims against Bancor DAO should be treated differently.

Even if Plaintiffs had not waived the argument twice over, their request to revisit the dismissal of claims against Bancor DAO is baseless and rightly rejected for the reasons already set

forth in the R&R. The Complaint failed to allege sufficient jurisdictional contacts as to *any* Defendant, and failed to allege that Plaintiffs' transactions fell within the territorial scope of U.S. securities laws. There are no separate allegations that would support a different conclusion on either point with respect to Bancor DAO.

## BACKGROUND

The record confirms that the Court's dismissal of the case was neither inadvertent nor *sua sponte*; it was a well-reasoned decision to grant the relief requested in the motion to dismiss.

### A.  The Motion to Dismiss

The motion to dismiss consistently requested that the Court dismiss the entire Complaint, including among other places (emphasis added):

- Motion Title: "Motion to Dismiss Plaintiffs' First Amended Class Action Complaint" (Dkt. 54; *see also id.* at 1.)

- Preliminary Statement: "the Complaint should be dismissed." (*Id.* at 3.)

- Personal Jurisdiction argument: "The Complaint Should Be Dismissed For Lack Of Personal Jurisdiction and Forum Non Conveniens." (*Id.* at 14.)

- Extraterritoriality argument: "The Federal Claims Should Be Dismissed Because the Securities Laws Do Not Apply to Extraterritorial Conduct." (*Id.* at 21.)

- Conclusion: "Moving Defendants respectfully request that the Court dismiss the First Amended Class Action Complaint **in its entirety** with prejudice." (*Id.* at 45.)

### B.  Plaintiffs' Opposition to the Motion to Dismiss

In opposing the motion to dismiss, Plaintiffs did not seek to differentiate their claims against Bancor DAO or to argue that there was any separate basis upon which those claims should survive dismissal. Quite the opposite, Plaintiffs conflated all Defendants including Bancor DAO

to argue that the Court has jurisdiction over all Defendants because "Defendants purposely directed [their] activities towards [the U.S.]" and because "Plaintiffs' claims arise[] out of or result[] from Defendants' U.S. contacts." (Dkt. 56 at 19, 22 (internal citations and quotations removed).)

### C.  The Report and Recommendation

Magistrate Judge Lane correctly determined that the motion to dismiss should be granted and recommended that the "case be dismissed" consistent with the relief that had been requested in the Motion. (R&R at 20.) The R&R explicitly noted that "Bancor DAO has not responded to the Complaint," (*id.* at 5), and went on to recite the numerous ways in which Plaintiffs conflated Bancor DAO with other Defendants, including myriad group-pled allegations against "Bancor."

For example, with respect to personal jurisdiction, the R&R explained that "Plaintiffs argue the contacts of 'Bancor'—which it uses to collectively refer to the protocol, Bancor DAO, each of the Individual Defendants, LocalCoin, the Foundation, and their agents should be attributed to each of the Defendants." (*Id.* at 7-8.) The Report then addressed all of those alleged contacts and concluded that the Court "lacks personal jurisdiction over all Defendants." (*Id.* at 15; s*ee also, e.g.*, *id.* at 14 ("There is no allegation that Bancor specifically targeted United States citizens through email, telephone calls, or even mass mailings in the United States."); *id.* at 15 ("Bancor did not purposefully avail itself of the forum such that it could reasonably anticipate being haled into court in the United States."). Meanwhile, the R&R's extraterritoriality analysis properly focused on the locations of the transactions at issue and recommended the dismissal of Plaintiffs' federal claims because Plaintiffs failed to allege domestic transactions. (R&R at 15-18.)

### D.  Plaintiffs' Objections to the Report

Plaintiffs filed Objections to the R&R, and in their Objections they never argued that the recommendation to dismiss the claims against Bancor DAO was "inadvertent" or "*sua sponte*" or

that those claims warranted treatment different from the other claims. (*See* Objections, Dkt. 70.) Rather, Plaintiffs' Objections continued to conflate their arguments against all Defendants under their defined term "Bancor" and with references to Defendants generally. (*See id.* at 2, 3.)

### E. The Court Adopts the Report

On September 6, 2024, the Court issued an Order adopting the R&R. (Dkt. 72.) The Court ordered that "Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction and because Plaintiffs fail to allege that their claims fall within the territorial scope of the federal securities laws." (*Id.* at 2.) In its accompanying Final Judgment, the Court stated that, "[a]s nothing remains to resolve, the Court renders final judgment pursuant to Federal Rule of Civil Procedure 58." (Dkt. 73.)

Plaintiffs cannot reasonably assert that they lacked notice or opportunity to respond to anything in the dismissal order, as it adopted verbatim the R&R to which Plaintiffs *did* respond.

## ARGUMENT

The Court should deny Plaintiffs' motion to amend the judgment for both procedural and substantive reasons. The Court's dismissal of the entire Complaint, including the claims against Bancor DAO, was neither inadvertent nor *sua sponte*, and is a far cry from the sort of manifest error that would warrant reconsideration. Moreover, Plaintiffs waived any argument to treat claims against Bancor DAO differently by *twice* failing to make any such argument, either in opposition to the motion to dismiss before Magistrate Judge Lane, or in their Objections to the R&R.

## I. LEGAL STANDARD

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)

(cleaned up); *accord Matthews v. Tidewater, Inc.*, 108 F.4th 361, 371 (5th Cir. 2024) (noting that a Rule 59(e) motion "is an extraordinary remedy," which is only "sparingly" granted (citation omitted)); *Rodriguez v. Blaine Larsen Farms, Inc.*, No. 21-CV-52-Z, 2022 WL 18034478, at *1 (N.D. Tex. Apr. 21, 2022) ("A Rule 59(e) motion … may not be used to relitigate old matters …." (cleaned up)).

Plaintiffs do not assert any newly discovered evidence or any change in law, and therefore seek to argue a clear error. "Clear error has not been explicitly defined but should conform to a 'very exacting standard.'" *Alvarado v. Tex. Rangers*, No. EP-03-CA-0305, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005) (quoting *Lightfoot v. District of Columbia*, 355 F. Supp. 2d 414, 422 (D.D.C. 2005)).

## II.   PLAINTIFFS FAIL TO IDENTIFY ANY CLEAR ERROR OF FACT OR LAW, OR ANY OTHER BASIS TO AMEND THE COURT'S ORDER.

Plaintiffs come nowhere near identifying any error in the Court's Order, much less a clear error. Their motion does not cite a single case contrary to the Court's holding. Instead, Plaintiffs make a baseless procedural argument. Ignoring the explicit request for relief in the motion to dismiss and the plain text of the R&R, they argue that dismissal of claims against Bancor DAO would "constitute[] a sua sponte dismissal without adequate fairness to the parties" because they supposedly did not have notice and an opportunity to respond. (Motion at 6.)

This is inaccurate. The motion to dismiss explicitly and repeatedly argued that the entire Complaint should be dismissed and expressly moved for that very relief, as demonstrated above. The R&R addressed Bancor DAO and all of Plaintiffs' conflated arguments about "Defendants" and about "Bancor" (both terms that Plaintiffs defined to include Bancor DAO), and properly determined that the Court "lacks personal jurisdiction over all Defendants." (R&R at 15.) The R&R also found that Plaintiffs failed to allege domestic transactions. (*Id.* at 18-19.) As a result,

the R&R recommended that the "***case*** be dismissed without prejudice." (*Id.* at 20 (emphasis added).)[1]

      To the extent Plaintiffs now second-guess their litigation strategy and seek to argue that claims against Bancor DAO should be considered separately, any such argument has been waived twice. *First,* Plaintiffs waived the argument by failing to raise it before Magistrate Judge Lane in response to the motion to dismiss, which clearly sought that relief. *See* Dkt. No. 54 (Motion to Dismiss Class Action Complaint.), Dkt. No. 56 (Opposition); *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("[T]his court considers arguments forfeited if they are not raised before a magistrate judge …."); *Guilbeau v. Schlumberger Tech. Corp.*, No. SA-21-CV-0142, 2024 WL 940244, at *3 (W.D. Tex. Mar. 5, 2024) ("A party who objects to a recommendation of a magistrate judge 'waives legal arguments not made in the first instance before the magistrate judge.'") (quoting *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 2024)); *Croy v. United States*, 697 F. Supp. 3d 653, 663 (W.D. Tex. 2023) ("Arguments that are raised for the first time after a report and recommendation is filed are generally waived unless they concern subject matter jurisdiction.")

      *Second,* Plaintiffs again waived any argument seeking to differentiate their claims against Bancor DAO by failing to make any such argument in their Objections to the R&R, even though the R&R explicitly recommended that the *case* be dismissed and warned Plaintiffs that any failure to raise an issue in their Objections would bar them from review other than for plain error. (R&R

---

[1] Not surprisingly, then, Plaintiffs' cases involving *sua sponte* dismissals bear no resemblance to the circumstances here. In those cases, the courts dismissed claims without providing any notice or opportunity to object. *See, e.g.*, *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) ("[T]he court provided the parties with no notice or opportunity to be heard as to the traditional tort claims before issuing its order of dismissal."); *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("[D]istrict court did not otherwise provide notice of its intent to dismiss that claim.").

at 20 (citing 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc)).) Moreover, it is hard to understand how Plaintiffs can argue that they lacked notice or an opportunity to respond to any aspect of the Order, given that it adopted verbatim the R&R, to which they *did* respond.

Regardless, putting aside the repeated waiver, Plaintiffs' motion is also substantively devoid of merit. With respect to personal jurisdiction, the Court concluded that "no Plaintiff here specifically alleges they were injured by Defendants' contacts with the United States" and that "[t]here is no allegation that Bancor specifically targeted United States citizens through email, telephone calls, or even mass mailings in the United States." (R&R at 14.) In this Rule 59(e) motion, Plaintiffs do not even purport to raise any factual or legal arguments that the Court failed to consider, or that might support a different result as to Bancor DAO.

With respect to extraterritoriality, the R&R correctly concluded that Plaintiffs failed to allege facts showing that irrevocable liability or title passed within the United States, as is necessary to allege a domestic transaction within the scope of U.S. law. (*Id.* at 15-18.) Again, Plaintiffs' Rule 59(e) motion does not offer any factual allegation or legal authority to the contrary. Instead, the *only* point raised by Plaintiffs is that comity concerns applicable to the Individual and Entity Defendants may not apply to Bancor DAO. (Motion at 7.) But in *Morrison*, the Supreme Court made clear that the presumption against extraterritoriality is a canon of statutory construction that "applies regardless of whether there is a risk of conflict between the American statute and a foreign law." *Morrison v. Nat'l Austl. Bank Ltd.,* 561 U.S. 247, 255 (2010). The Court need not identify a conflict with another country's laws as to each particular claim or party, because the presumption is that Congress limited the reach of the *statute* to domestic transactions, absent expression of contrary intent.

In short, Plaintiffs' procedural arguments are baseless and require ignoring the relief sought in the motion to dismiss and the plain text of the R&R itself. Moreover, Plaintiffs make no substantive argument identifying any error in the Order, as to either of the grounds for dismissal, and they have waived the opportunity to do so. The motion to amend should be summarily rejected.

## CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court deny Plaintiffs' Rule 59(e) motion in its entirety.

DATED: October 15, 2024

**JENNER & BLOCK LLP**

By: */s/ Kayvan B. Sadeghi*
Kayvan B. Sadeghi*
Joanna Wright*
Andrew J. Lichtman*
Emily S. Mannheimer*
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 891-1600
Fax: (212) 891-1699
ksadeghi@jenner.com
jwright@jenner.com
alichtman@jenner.com
emannheimer@jenner.com

**EWELL BROWN BLANKE & KNIGHT LLP**
Gary Ewell
111 Congress Ave., 28th floor
Austin, TX 78701
Tel: (512) 770-4010
Fax: (877) 851-6384
gewell@ebbklaw.com

*admitted pro hac vice

*Attorneys for Defendants BProtocol Foundation, LocalCoin Ltd., Galia Ben-Artzi, Guy Ben-Artzi, Eyal Hertzog, and Yehuda Levi*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 15, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Kayvan B. Sadeghi*
Kayvan B. Sadeghi
